HON. RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PUGET SOUNDKEEPER ALLIANCE, )
)                    No. 2:24-cv-00436-RAJ
     Plaintiff, )
  v. )                    CONSENT DECREE
)
PICK-N-PULL NORTHWEST LLC, )
)
     Defendant. )
)
_____ )

## I.    STIPULATIONS

WHEREAS, Plaintiff Puget Soundkeeper Alliance ("Puget Soundkeeper") filed a complaint on April 1, 2024 (Dkt. 1) against defendant Pick-n-Pull Northwest, LLC. ("Pick-n-Pull") alleging violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq*., relating to discharges of stormwater and other pollutants from Pick-n-Pull's vehicle dismantling and auto parts recycling facility at or about 18306 Highway 99, Lynnwood, WA 98037 (the "Facility"), and any contiguous or adjacent properties owned or operated by Pick-n-Pull, to Scriber Creek, and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

CONSENT DECREE - 1
No. 2:24-cv-00436-RAJ

WHEREAS, Puget Soundkeeper and Pick-n-Pull (the "Parties") agree that settlement of these matters is in the best interest of the Parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, the Parties stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Puget Soundkeeper's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this __28th__ day of August, 2024

PICK-N-PULL NORTHWEST, LLC   PUGET SOUNDKEEPER ALLIANCE

By _/s/ J. Matthew Vaughn_     By _/s/ Sean Dixon_
 J. Matthew Vaughn       Sean Dixon
 General Counsel        Puget Soundkeeper Alliance

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the Parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and subject matter of this action.

2. Each signatory for the Parties certifies for that party that he or she is authorized to enter into the agreement set forth herein and to legally bind the party or parties, their successors in interest, and assigns of the Parties.

3. This Consent Decree applies to and binds the Parties and their successors and assigns.

CONSENT DECREE - 2
No. 2:24-cv-00436-RAJ

4.      This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by Pick-n-Pull of the Facility.

5.      This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notice and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. Upon termination of this Consent Decree, these claims are released and dismissed with prejudice. Pick-n-Pull's payment of attorney's fees and litigation costs set forth in paragraph 9 of the Consent Decree will be in full and complete satisfaction of any claims Puget Soundkeeper and Smith & Lowney, PLLC have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation. Enforcement of this Consent Decree is Puget Soundkeeper's exclusive remedy for any violation of its terms. During the term of the Consent Decree, Puget Soundkeeper will not support, by financial assistance, personnel time, or otherwise, other lawsuits or potential lawsuits by Puget Soundkeeper's members or other groups or individuals that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility.

6.      This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Puget Soundkeeper in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Pick-n-Pull or its contractors, customers, or other third parties. Pick-n-Pull agrees to the

CONSENT DECREE - 3
No. 2:24-cv-00436-RAJ

Smith & Lowney PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

terms and conditions identified below in paragraphs 8-10 in full and complete satisfaction of all the claims covered by this Consent Decree:

7.      The effective date of this Consent Decree is the date that it is entered by the Court.

8.      Upon entry of the Consent Decree, Pick-n-Pull will implement the following injunctive relief:

    a) Pick-n-Pull will comply with the requirements of the Clean Water Act at the Facility and the terms and conditions of the Industrial Stormwater General Permit ("ISGP") and any successor or modified permit(s).

    b) Pick-n-Pull will apply the terms of the ISGP to the portion of the facility currently subject to ISGP coverage and will add the customer parking lot. Pick-n-Pull will, within sixty (60) days of the effective date of this Consent Decree:

        i.   amend its Stormwater Pollution Prevention Plan ("SWPPP") to include the customer parking lot, and

        ii.  apply the SWPPP to the customer parking lot, and

        iii. investigate if a discharge point exists at the south end of the customer parking lot and, if located, add it as a new monitoring point.

    c) Pick-n-Pull will provide to Puget Soundkeeper, on a quarterly basis, (i) copies of correspondence to and from Ecology regarding ISGP compliance at the facility, and (ii) a progress report describing consent decree implementation that is not otherwise described in (i).

    d) No later than September 30, 2024, Pick-n-Pull will complete installation of the

CONSENT DECREE - 4
No. 2:24-cv-00436-RAJ

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

Level 3 Corrective Action as described in the May 10, 2023 engineering report (attached as **Exhibit 1**).

e)  Beginning with the first full calendar quarter following the commissioning of all components of the pending Level 3 Corrective Action, and for a period of four consecutive quarters, Pick-n-Pull will sample not less than three times per calendar quarter at the facility's monitoring location(s) if the facility experiences not less than three storm events within the calendar quarter that result in a discharge at the designated monitoring point during normal business hours ("qualifying storm event") per the ISGP. Otherwise, Pick-n-Pull will sample the qualifying storm events within each calendar quarter.

   i.   If the monitoring results show no benchmark exceedances for a parameter during four consecutive calendar quarters of enhanced sampling, regardless of the number of qualifying storm events in each quarter, Pick-n-Pull will revert to the ISGP-required monitoring frequency for that parameter.

   ii.  Pick-n-Pull will follow the requirements of ISGP Condition S4.B.1.f. for reporting to Ecology when multiple samples are taken in a calendar quarter.

   iii. Pick-n-Pull will follow the requirements in ISGP Condition S8 regarding Level 1, 2, or 3 Corrective Actions.

f)  Pick-n-Pull will implement the following best management practices (BMPs) no

CONSENT DECREE - 5
No. 2:24-cv-00436-RAJ

Smith & Lowney PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

later than thirty (30) days after the effective date of this Consent Decree (except where otherwise specified):

    i.    Pick-n-Pull will place lids on dumpsters and bins or place them under cover.

    ii.    Pick-n-Pull will install a storm-resistant cover on the dumpster that is storing used gravel.

    iii.    Pick-n-Pull will ensure that drip pans are placed under vehicles that are leaking fluids.

    iv.    Pick-n-Pull will tarp over engine compartments for vehicles without hoods in the customer yard, as individual circumstances allow.

    v.    Pick-n-Pull will make drip pan locations more prominent by placing pans in racks in multiple locations in the customer yard and including signage describing drip pan use.

    vi.    Pick-n-Pull will address petroleum-impacted pavement and stormwater (outside of the stormwater system) with absorbent material immediately upon discovery, as safety allows.

    vii.    Pick-n-Pull will remove petroleum-impacted gravel that is accessible and safe to remove on a weekly basis.

    viii.    Pick-n-Pull will place plugs in gas tanks of vehicles in the customer yard.

    ix.    Pick-n-Pull will repair any heavily damaged pavement within the ISGP

CONSENT DECREE - 6
No. 2:24-cv-00436-RAJ

Smith & Lowney PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

coverage area within ninety (90) days of this Consent Decree's effective date.

x.   Pick-n-Pull will ensure that windshield wiper fluid reservoirs, brake fluid reservoirs, and other fluid-holding containers on vehicles are properly drained and will consider if additional methods, short of puncturing them, could be used to drain them.

xi.   Pick-n-Pull will inspect the customer yard at least daily for leaking vehicles, drip pans that need to be emptied, and other BMPs for the customer yard.

xii.   Pick-n-Pull will remove and dispose offsite any contaminated soil around the catch basin at the bioswale and plans to do so imminently.

xiii.   Pick-n-Pull will inspect monthly and clean, as needed, the entrance to the Scriber Creek culvert on the north side of the facility, as permitted by the property owner.

xiv.   Pick-n-Pull will ensure that monthly inspection reports document any oil sheen observed in the ISGP coverage area of the facility.

xv.   Pick-n-Pull will post more prominent signs in the customer parking lot prohibiting customers from repairing cars in that area.

xvi.   Pick-n-Pull will move cars that arrive by 3:00 PM into the production yard by close of business that day. Pick-n-Pull will move cars that

CONSENT DECREE - 7
No. 2:24-cv-00436-RAJ

Smith & Lowney PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

1

2    arrive after 3:00 PM into the production yard as soon as possible, but

3    no later than close of business the following day.

4        xvii.    Pick-n-Pull will (1) post signage in the customer yard in English and

5    Spanish directing customers to close hoods of vehicles after they have

6    finished removing parts, and (2) ensure that all vehicle hoods capable

7    of closing are closed by 3:00 PM each business day.

8        xviii.    Pick-n-Pull will not use floor mats as drip pans, but they may be used

9    without being considered BMPs.

10        xix.    Pick-n-Pull will vacuum sweep the entire paved area under ISGP

11    coverage at least once per month. Pick-n-Pull will brush sweep the

12    paved areas under ISGP coverage on a weekly basis.

13        xx.    Pick-n-Pull will inspect pavement for cracks and damage during each

14    monthly self-inspection.

15    g)  Within ninety (90) days of the Consent Decree's effective date, Pick-n-Pull

16    will install a containment berm that will retain stormwater and other fluids in

17    the crusher area for proper disposal.

18    h)  Within sixty (60) days of Consent Decree's effective date, Pick-n-Pull will

19    write an Asphalt Management Plan and send a copy to Puget Soundkeeper.

20    Puget Soundkeeper may review and provide input within thirty (30) days of

21    receiving the plan. Pick-n-Pull will consider Puget Soundkeeper's input in

22    good faith and respond in writing within thirty (30) days. Pick-n-Pull shall pay

23

CONSENT DECREE - 8
No. 2:24-cv-00436-RAJ

for Puget Soundkeeper's fees and costs (not to exceed $1,000) associated with reviewing and responding to the plan under this requirement.

i)   Within forty-five (45) days of the Consent Decree's effective date, Pick-n-Pull will update its SWPPP to include all relevant terms of this settlement. If the deadline for this requirement occurs on or after November 15, 2024, and the Washington Department of Ecology has issued the final version of the 2025 ISGP, Pick-n-Pull has the option to update the SWPPP to conform to the 2025 ISGP at that time.

j)   In the spirit of demonstrating a cooperative resolution to the community, the Parties will endeavor to work together in good faith in issuing a joint press release regarding filing of this Consent Decree. If either Party wishes to issue such release, that party shall give the other party 48 hours to review a draft and provide input. If either party objects to any language of that draft press release within one (1) business day (24 hours) (or the same time on the following business day if over a weekend or holiday) of receiving the draft, the Parties shall in good faith work together to resolve the issue(s) prior to issuing the press release. If, after seventy-two (72) hours, the Parties are unable to agree on a joint press release, each is free to issue their own respective press release. The Parties will not be limited from issuing press releases around other past or future milestones in the course of the case and/or settlement. The Parties will not be limited from making statements to the press.

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

1

2     9.      Payment in Lieu of Penalty: Within thirty (30) days of the effective date of this

3  Consent Decree, Pick-n-Pull will pay $685,000 (SIX HUNDRED EIGHTY-FIVE

4  THOUSAND DOLLARS) to the Rose Foundation for Communities and the Environment for

5  projects to benefit water quality in central Puget Sound, with a preference for larger scale habitat

6  restoration projects, as described in **Exhibit 2** to this Consent Decree. The check will be made

7  to the order of the Rose Foundation for Communities and the Environment, Attention: Jodene

8  Isaacs, 201 4th Street, Suite 102, Oakland, California 94707. Payment will include the

9  following reference in a cover letter or on the check: "Consent Decree, Puget Soundkeeper v.

10  Pick-n-Pull Northwest, LLC, W.D. Wash. No. 2:24-cv-00436-RAJ." Pick-n-Pull will send a

11  copy of the check and cover letter, if any, to Puget Soundkeeper and its counsel, pursuant to the

12  notice provisions in paragraph 18.

13     10.      Within thirty (30) days of the effective date of this Consent Decree by the Court,

14  Pick-n-Pull will pay $95,000 (NINETY-FIVE THOUSAND DOLLARS) to Puget

15  Soundkeeper to cover Puget Soundkeeper's litigation fees, expenses, and costs (including

16  reasonable attorneys and expert witness fees) by check payable and mailed to Smith & Lowney,

17  PLLC, 2317 East John St., Seattle, WA 98112, attn: Alyssa Koepfgen.

18     11.      A force majeure event is any event outside the reasonable control of Pick-n-Pull

19  that causes a delay in performing tasks required by this Consent Decree that cannot be cured by

20  due diligence. Delay in performance of a task required by this Consent Decree caused by a force

21  majeure event is not a failure to comply with the terms of this Consent Decree, provided that

22  Pick-n-Pull timely notifies Puget Soundkeeper of the event, the steps that Pick-n-Pull will take

23

CONSENT DECREE - 10
No. 2:24-cv-00436-RAJ

Smith & Lowney PLLC
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

12.     Pick-n-Pull will notify Puget Soundkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Pick-n-Pull becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a.     Acts of God, war, insurrection, or civil disturbance;

    b.     Earthquakes, landslides, fire, floods;

    c.     Actions or inactions of third parties over which Pick-n-Pull has no or limited control;

    d.     Restraint by court order or order of public authority;

    e.     Strikes;

    f.     Any permit or other approval sought by Pick-n-Pull from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Pick-n-Pull has timely and in good faith sought the permit or approval; and

    g.     Litigation, arbitration, or mediation that causes delay.

13.     This Court retains jurisdiction over this matter, while this Consent Decree remains

CONSENT DECREE - 11
No. 2:24-cv-00436-RAJ

SMITH & LOWNEY PLLC
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

in force. While this Consent Decree remains in force, this case may be reopened without filing fees so that the Parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the Parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting will be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other Party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the Notice, either Party may file a motion with this Court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any additional court proceedings necessary to enforce the terms and conditions of this Consent Decree.

14.     The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("EPA"). Therefore, upon the filing of this Consent Decree by the parties, Puget Soundkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

15.     This Consent Decree will take effect upon entry by this Court. The Consent Decree terminates three (3) years after that date.

CONSENT DECREE - 12
No. 2:24-cv-00436-RAJ

16.     Both Parties have participated in drafting this Consent Decree.

17.     This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both Parties and the approval of the Court.

18.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either Party. The Parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

19.     Notifications required by this Consent Decree must be in writing and via email. For a notice or other communication regarding this Consent Decree to be valid, it must be sent to the receiving Party at the one or more email addresses listed below or to any other address designated by the receiving Party in a notice in accordance with this paragraph.

**If to Puget Soundkeeper**:

Emily Gonzalez
Kelsey Furman
Puget Soundkeeper
emily@pugetsoundkeeper.org
kelsey@pugetsoundkeeper.org

**And to**:

Alyssa Koepfgen
Katelyn Kinn
Smith & Lowney PLLC
marc@smithandlowney.com
alyssa@smithandlowney.com

CONSENT DECREE - 13
No. 2:24-cv-00436-RAJ

**If to Pick-n-Pull:**

Stanley Alpert
salpert@rdus.com

**And to:**

Veronica Keithley
Stoel Rives LLP
veronica.keithley@stoel.com

Any party identified in the notice provisions above may affect a change in the notice address by providing a notice complying with these provisions to all other parties listed. A notice or other communication regarding this Consent Decree will be effective the day it is transmitted. An email is effective the day it is sent so long as it is sent by 5:00 pm and on a business day, or else it is effective the following business day.

DATED this 8th day of October, 2024.

_Richard A Jones_

The Honorable Richard A. Jones
United States District Judge

CONSENT DECREE - 14
No. 2:24-cv-00436-RAJ